**E-FILED on     5/19/08    **

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL NARVIOS,<br><br>        Petitioner,<br><br>    v.<br><br>A.A. LAMARQUE, Warden,<br><br>        Respondent. | No. C-02-05378 RMW<br><br>ORDER GRANTING PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY<br><br>**[Re Docket Nos. 31, 32]** |

      Petitioner, a state prisoner convicted of nineteen counts under California Penal Code §§ 288, 288a, 288.5 and 289 for sexual acts committed with his girlfriend's 10-year-old daughter, filed a petition for writ of habeas corpus in this court on the basis of ineffective assistance of counsel and violation of petitioner's Constitutional rights under the Confrontation Clause.  On September 7, 2006, the court denied the petition, but deferred ruling on the Confrontation Clause claim until the disposition of *Worton v. Bockting* by the Supreme Court.  After the Supreme Court's ruling, petitioner informed this court that he would not further pursue his petition and asked the court to enter final judgment.  The court entered final judgment on March 26, 2008.

      On April 25, 2008, petitioner filed a notice of appeal and on May 13, 2008 he submitted an application for a certificate of appealability.  Petitioner asks for a certificate of appealability for the following issues, both related to the admission of the out-of-court statements of the then-10-year-old

ORDER GRANTING PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY—No. C-02-05378 RMW
MAG

victim, who did not testify at trial: (1) that petitioner was deprived of his rights under the Confrontation Clause because the court did not attempt to compel the testimony of the victim and instead found that she was "unavailable as a witness" based on her refusal to testify; and (2) that the requirements of a state statute creating a hearsay exception were not met because the victim was neither unavailable, nor were her statements sufficiently reliable. The court hereby grants petitioner's application for a certificate of appealability on these two issues.

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). Upon the filing of a notice of appeal and a request for a certificate of appealability, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(3)).

Section 2253(c)(2) codified the standard announced by the Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983). In *Barefoot*, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." *Id.* at 893 n.4 (citations and internal quotations omitted; emphasis in original); *see Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (reversing Ninth Circuit's denial of certificate of probable cause on claim of denial of right to direct appeal despite petitioner's deficient showing of prejudice; issue could have been resolved differently where other circuits presumed prejudice in such a situation).

In light of the foregoing standard, the court finds that the issues raised in petitioner's application merit a certificate of appealability. Although the court is confident that its conclusions set forth in its September 7, 2006 order denying the petition for writ of habeas corpus were the correct ones, the issues of whether the victim was unavailable and whether the hearsay exception was applicable are debatable among jurists of reason. Accordingly, the court hereby grants petitioner's application for a certificate of appealability.

1      IT IS SO ORDERED.

4   DATED:    5/18/08                                       *Ronald M Whyte*
                                                               RONALD M. WHYTE
                                                               United States District Judge

1  **Notice of this document has been electronically sent to:**

2

3  **Counsel for Petitioner:**

   Richard Such                jsuch@comcast.net
4
   **Counsel for Respondent**
5
   Catherine Amy Rivlin        catherine.rivlin@doj.ca.gov
6

7

8  Counsel are responsible for distributing copies of this document to co-counsel that have not
   registered for e-filing under the court's CM/ECF program.
9

10

11

12 **Dated:**       5/19/08                          /s/ MAG
                                              **Chambers of Judge Whyte**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY—No. C-02-05378 RMW
MAG                                                  4